**Electronically Filed
Intermediate Court of Appeals
CAAP-16-0000334
14-JUN-2017
07:57 AM**

NO. CAAP-16-0000334

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

U.S. BANK TRUST, N.A. AS TRUSTEE FOR LSF9 MASTER
PARTICIPATION TRUST, Plaintiff-Appellee,
v.
HELEN TOLENTINO BUSTO, Defendant-Appellant,
and
ASSOCIATION OF APARTMENT OWNERS OF
KO'OLANI, INC., Defendant-Appellee,
and
JOHN DOES 1-10, JANE DOES 1-10, DOE PARTNERSHIPS 1-10,
DOE CORPORATIONS 1-10, DOE ENTITIES 1-10, and
DOE GOVERNMENTAL UNITS 1-10, Defendants.

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CIVIL NO. 14-1-2505)

SUMMARY DISPOSITION ORDER
(By: Nakamura, Chief Judge, and Leonard, J.,
with Ginoza, J., dissenting)

Defendant-Appellant Helen Tolentino Busto (Busto)[1] appeals from the "Judgment on Findings of Fact, Conclusions of Law and Order Granting Plaintiff's Motion for Summary Judgment and Decree of Foreclosure" (Foreclosure Judgment) filed by the Circuit Court of the First Circuit (Circuit Court)[2] on March 21, 2016. As explained below, we conclude that the Hawai'i Supreme Court's recent opinion in Bank of America v. Reyes-Toledo, 139 Hawai'i 361, 390 P.3d 1248 (2017), controls our decision in this

---

[1] Busto represented herself in the trial court and continues to do so on appeal.

[2] The Honorable Bert I. Ayabe presided.

case. Based on Reyes-Toledo, we vacate the Foreclosure Judgment and remand for further proceedings.

I.

Ocwen Loan Servicing, LLC (Ocwen) filed a complaint against Busto seeking to foreclose on Busto's property due to her alleged breach of a promissory note and mortgage originally executed in favor of IndyMac Bank, F.S.B. (IndyMac).[3/] Busto filed an answer, asserting, among other things, that Ocwen lacked standing.

Ocwen filed a motion for summary judgment. Busto opposed Ocwen's motion on a number of grounds which included lack of standing. In support of its motion, Ocwen submitted the Declaration of Vanessa Lewis (Lewis), a Contract Management Coordinator for Ocwen, who declared that Ocwen "is in possession of" the original promissory note executed by Busto, and that a "true and correct copy" of the promissory note was attached to Lewis' Declaration. The promissory note attached to Lewis' Declaration was indorsed in blank by IndyMac. Lewis' Declaration, however, did not state when Ocwen obtained possession of the promissory note indorsed in blank and did not assert that Ocwen possessed the promissory note indorsed in blank at the time it filed its complaint.

After Ocwen filed its summary judgment motion, it transferred the subject promissory note and assigned the subject mortgage to U.S. Bank Trust, N.A. as Trustee for LSF9 Master Participation Trust (U.S. Bank). Based on this transfer and assignment, Ocwen moved to substitute U.S. Bank as Plaintiff on the grounds the U.S. Bank had become the holder of the subject promissory note and mortgage. The Circuit Court granted the substitution motion.

On March 21, 2016, the Circuit Court granted Plaintiff's motion for summary judgment and issued its Foreclosure Judgment.

---

[3/] The complaint also named the Association of Apartment Owners of Ko'olani, Inc. as a defendant.

II.

On appeal, Busto argues that the Circuit Court erred in granting Plaintiff's motion for summary judgment. Based on the Hawai'i Supreme Court's recent decision in Reyes-Toledo, we conclude that the Circuit Court erred in granting the motion for summary judgment.

In Reyes-Toledo, the supreme court held that in order to establish its right to foreclose, the foreclosing plaintiff, Bank of America, was required to establish its entitlement to enforce the subject promissory note at the time the foreclosure proceedings were commenced. Reyes-Toledo, 139 Hawai'i at 367-70, 390 P.3d at 1254-57. The supreme court held that the trial court erred in granting summary judgment in favor of Bank of America because Bank of America failed to establish that it was entitled to enforce the subject promissory note at the time it filed the foreclosure complaint. Id. at 370-71, 390 P.3d at 1257-58. In concluding that Bank of American failed to satisfy its burden as the movant for summary judgment, the supreme court reasoned: "Although Bank of America produced evidence that it possessed the blank-indorsed Note at the time it sought summary judgment, a material question of fact exists as to whether Bank of America possessed the Note, or was otherwise a holder, at the time it brought the foreclosure action." Id. at 370, 390 P.3d at 1257. In other words, Bank of America's showing that it possessed the bank-indorsed note, and thus was entitled to enforce the note as the holder of the note, at the time it sought summary judgment was insufficient because Bank of America failed to additionally show that it possessed the blank-indorsed note, or was otherwise entitled to enforce the note, at the time it filed the foreclosure complaint. Id. at 370-71, 390 P.3d at 1257-58.

Similarly, in this case, while Ocwen produced evidence that it possessed the subject promissory note at the time it sought summary judgment, it failed to establish that it possessed the blank-indorsed note, or was otherwise the holder of the note, at the time it filed its foreclosure complaint. We conclude that Reyes-Toledo controls our decision in this case. Based on Reyes-

3

Toledo, we conclude that there was a genuine issue of material fact as to whether Ocwen was entitled to foreclose when it filed its foreclosure complaint.  Therefore, the Circuit Court erred in granting the motion for summary judgment.

III.

Based on the foregoing, we vacate the Foreclosure Judgment, and we remand the case for further proceedings consistent with this Summary Disposition Order.

DATED: Honolulu, Hawai'i, June 14, 2017.

On the briefs:

Helen Tolentino Busto
Defendant-Appellant pro se.

Peter R. Stone
Daisy Lynn B. Hartsfield
(TMLF Hawaii)
for Plaintiff-Appellee.

Craig H. Nakamura
Chief Judge

Associate Judge